# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREEM MEEKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 17-129-RAW-SPS |
| TONYA BULL, et al., | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

On April 10, 2017, Plaintiff, a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC), filed this civil rights action pursuant to 42 U.S.C. § 1983. He is seeking compensatory damages for alleged constitutional violations arising from his arrest. The defendants are Tonya Bull and Officer Douglas, both Tulsa County police officers, and four unknown officials.

Although his allegations are unclear, Plaintiff apparently is complaining that his *Miranda* rights, in particular his rights regarding self-incrimination, were violated by the defendants. He, however, has failed to include in his complaint the dates and locations of the alleged violations or the case number of any related criminal proceedings. According to the DOC website at https://www.ok.gov/doc/, Petitioner currently is serving a sentence from Tulsa County, Oklahoma, in Case No. CF-2012-5856. Because the alleged events apparently occurred in Tulsa County, the Court finds this case should have been filed in the United States Court for the Northern District of Oklahoma. *See* 28 U.S.C. § 1391(b).

Under 28 U.S.C. § 1631, when jurisdictional defects arise because a lawsuit is filed in the wrong district court, the Court must transfer the case to the proper district court, "if the transfer is in the interest of justice." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000)

(quoting *F.D.I.C. v. McGlamery*, 74 F.3d 218, 220 (10th Cir. 1996)). To determine whether such a transfer would be in the interest of justice, "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed." *Id*. (citing *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999)).

A review of Plaintiff's complaint shows he is seeking compensatory damages for alleged constitutional violations that presumably led to his conviction. To sue for damages, however, he first must prove his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When judgment for a plaintiff in a § 1983 suit "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. Plaintiff has presented no evidence showing such invalidation. Therefore, the Court finds is would not be in the interest of justice to transfer this case to the Northern District of Oklahoma.

**ACCORDINGLY,** this action is DISMISSED WITHOUT PREJUDICE in its entirety for lack of venue, pursuant to 28 U.S.C. § 1406(a).

**IT IS SO ORDERED** this 18th day of April 2017.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**